**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*
David Vaccaro

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VACCARO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC.,<br><br>Defendants. | Case No.: '13CV0428 W   WMC<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

---

**CLASS ACTION COMPLAINT FOR DAMAGES**                            PAGE 1 OF 13

**INTRODUCTION**

1. DAVID VACCARO ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of COMMERCIAL RECOVERY SYSTEMS, INC. and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

///
///
///
///

3. Similarly, California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.  There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendants, a company incorporated in the State of Texas and principal place of business in Texas.  Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a) and $2,500 per violation pursuant to Penal Code § 632.7, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

///

///

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a company whose principal place of business is in Texas and State of Incorporation is Texas. Defendant has a policy and practice of recording telephone conversations, including cellular telephone conversation, with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

8. Defendant is, and at all times mentioned herein was, a professional corporation. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

9. At all times relevant, Plaintiff was an individual residing within the State of California.

10. Since January 2013, Plaintiff had numerous telephone communications with certain employees, officers and/or agents of Defendant.

11. Specifically, on January 28, 2013, Plaintiff contacted Defendant by cellular telephone in order to inquire about an alleged debt that Defendant was attempting to collect from Plaintiff. After speaking with Defendant for a period of time, including discussions of Plaintiff's personal financial information, bankruptcy options, and address, Plaintiff inquired as to whether the conversation was being recorded and Defendant responded for the first time that Defendant records _all_ calls between Defendant and consumers.

12. During each of these conversations with Defendant, Plaintiff discussed highly personal and private financial information that Plaintiff had not openly discussed with others.

13. Plaintiff had no reasonable expectation that any of Plaintiff's telephone conversations with Defendant would be recorded due to the private subject matter being discussed.

14. Plaintiff was shocked to discover that such a confidential communication was being recorded by Defendant without Plaintiff's knowledge or consent since Plaintiff was discussing an alleged debt that Plaintiff had not openly discussed with others.

15. Plaintiff found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

16. Had Plaintiff been warned at the outset that Plaintiff's January 28, 2013 cellular telephone communication with Defendant was being recorded, Plaintiff would not have engaged in said telephonic communication.

17. Each of these conversations with Plaintiff, were without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff.  Prior to Plaintiff's query on the matter, Plaintiff was never informed that Plaintiff's telephone calls were being recorded.  At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

18. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers.  Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

19. Plaintiff is informed and believes, and thereon alleges that from the beginning of 2012 to the present, Defendant has installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

20. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

21. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

### CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class") and ("The Sub-Class").

23. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound and outbound telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

24. Furthermore, Plaintiff represents, and is a member of, "The Sub-Class" defined as follows: "All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

///

///

///

25. Defendant, and its employees and agents are excluded from The Class and The Sub-Class. Plaintiff does not know the number of members in The Class and The Sub-Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and The Sub-Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class and The Sub-Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of The Class and The Sub-Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class and The Sub-Class can be identified through Defendant's records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording incoming and/or outgoing calls;

   b. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

   c. Whether Defendant discloses to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;

   d. Whether Defendant's policy of recording outgoing calls constituted a violation of California Penal Code §§ 632(a);

e. Whether Defendant's policy of recording outgoing calls to cellular telephones constituted a violation of California Penal Code § 632.7

f. Whether Plaintiff, The Class and The Sub-Class were damaged thereby, and the extent of damages for such violations; and

g. Whether Defendants should be enjoined from engaging in such conduct in the future.

29. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

30. Plaintiff is asserting claims that are typical of The Sub-Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

31. Plaintiff will fairly and adequately represent and protect the interests of The Class and The Sub-Class in that Plaintiff has no interest antagonistic to any member of The Class and The Sub-Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

32. Plaintiff and the members of The Class and The Sub-Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class and The Sub-Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class and The Sub-Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class and The Sub-Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to The Class and The Sub-Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class and The Sub-Class as a whole.

## FIRST CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

37. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

38. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

39. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

40. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

41. At no time during which these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

///
///
///

42. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

43. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

44. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

///
///
///
///

47. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

48. As before, Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

49. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

50. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Sub-Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

51. Based on the foregoing, Plaintiff and the members of The Sub-Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2

52. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Sub-Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class and The Sub-Class members the following relief against Defendant:

53. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

54. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

55. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Sub-Class;

56. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Sub-Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

57. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

58. For exemplary or punitive damages;

59. For costs of suit;

60. For prejudgment interest at the legal rate; and

61. For such further relief as this Court deems necessary, just, and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: February 6, 2013

**KAZEROUNI LAW GROUP, APC**

By:  /s Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Vaccaro, Individually and on Behalf of all others Similarly Situated

### DEFENDANTS
Commercial Recovery Systems, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'13CV0428 W    WMC**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kazerouni Law group, APC; 2700 N. Main Street, Ste. 1000, Santa Ana, California 92705; (800)400-6808

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
California Penal Code §§ 630 et seq    28:1331 (vam)

Brief description of cause:
Invasion of Privacy

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5,000,001.00+

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____   DOCKET NUMBER _____

DATE: 02/22/2013

SIGNATURE OF ATTORNEY OF RECORD: s/Abbas Kazerounian

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____